Mr. Justice Gantt
delivered the opinion t>f the court:
The rule of court requires that applications for setting aside orders for judgment shall be made on or before the' 2d day of the next term. The motion in this case was not made within the time prescribed, but ten days aftei-wnrds, though within the term. It frequently happens that from various causes, attorneys who have been regularly employed to appear and defend actions, omit to enter their appearance within the time prescribed by the rule' of court; and it is the practice of the co’urt, where it can be done without injury to the plaintiff, to permit the omission to be corrected by ordering an appearance to be entered, nunc pro tunc ; always, however, on a satisfactory statement or affidavit, shewing that the omission was casual and unintentional. In this case, the application was supported by a strong affidavit of Edioard P. Simons, Esq. stating that John L. Wilson had instructed him to appear in this action ; that he forgot the case until he understood that an order for judgment had been taken, and the case about to be put on the writ of enquiry docket; that on examination made, he found that he had omitted to enter an appearance. There was a substantial defence. The court are of opinion that the discretion was properly exercised in this case, in allowing the attorney of the defendant leave to appear and plead to the action. The motion of the plaintiff to reverse the order below, must fail.
Justices Richardson, Huger, Johnson and Noil, concurred.